STATE, SOCIETY FOR ESTABLISHING USEFUL MANUFAC-
TURES, PROSECUTORS, v. CITY OF PATERSON.

1. Same points decided in this case as in State, Youngster, pros., *v.* City of Paterson.
2. Where a street is widened, and afterwards, by ordinance, improved by grading, it will be assumed, in the absence of objections by the persons whose lands were taken, that prior to such improvement the land was legally acquired by the city by arrangement with the land owners.

On *certiorari.*

The writ in this case brings before this court an award of damages, and an assessment for benefits for grading Totowa avenue, in the city of·Paterson, from Hamburgh avenue to Ira Ryerson's line, made under the act to adjust unpaid assessments in said city. *Laws of* 1875, *p.* 639.

The assessment was made by Daniel Haines, Theodore Little and Stephen B. Ransom, commissioners appointed by the governor; and their report, dated October 15th, 1875, shows an assessment of damages to land owners $15,225; costs of grading, &c., $20,443.20; total, $35,986.20. Of this amount, $20,406.36 is assessed to land owners, and $15,561.84 to the city at large.

Argued at November Term, 1877, before Justices SCUDDER, DIXON and REED.

For the prosecutors, *G. S. Hilton.*

For the defendants, *H. A. Williams.*

The opinion of the court was delivered by

SCUDDER, J.   The material points in this case are the same as those considered and decided at the present term in State, Youngster et al., pros., *v.* City of Paterson, with this exception:  It appears that before Totowa avenue was graded from

Hamburgh avenue to Ira Ryerson's line, about three hundred feet of the easterly end of it was called Wallis street. Totowa avenue was extended three hundred feet over Wallis street, and the latter was widened from forty feet to fifty feet, about one hundred and twenty five feet in length. Both streets had been used as public highways for many years. In this part of the avenue formerly called Wallis street, there was about forty feet in length of rock cutting.

January 17th, 1870, the name of Wallis street was changed to Totowa avenue, and an ordinance passed directing it to be graded. It does not appear by the return that the proceedings were taken which are required by the charter for widening a street. These relate to the notice of application to have the widening done; hearing of those interested; appointment of commissioners and their duties; action of the board of aldermen upon the report; payment for land taken and damages. See charter, *Laws of* 1869, *p.* 706, §§ 104–108.

But these proceedings are prescribed where the lands are taken for widening the street, *in invitum,* by condemnation. These lands thus used belonged to the estate of Wallis, and it does not appear in this case that any person interested, as owner, in such lands, has objected to this appropriation by the city, and it may be that the additional ten feet have been dedicated.

In *Mayor, &c., of Newark* ads. *State, Batten, pros.,* 3 *Vroom* 453, there was no direct evidence on this point, but it was held that the ordinance referring to the street as one in existence, and directing it to be graded and curbed, and the fact that the grading and curbing were done by the city officials, without objection by the owners, would lead the court to infer legally that the land for the street had been acquired by arrangement with the owners before the ordinance providing for the grading and assessment.

It was said that every reasonable intendment should be made, under such circumstances, in favor of the conduct of those who are clothed with a public trust and are acting in the line of their duty. Such presumptions are often made

where acts are of an official nature. If the owners of the land consent, what right have these prosecutors to complain that no previous notice or assessment of damages for the land taken was made? If they permitted the city to take the lands and improve them and do not complain, it will be presumed, against third parties, that it was done by lawful authority and not wrongfully, until the contrary is shown.

For the reasons given in the other case referred to, this assessment should also be affirmed, with costs.